# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JAMES THOMAS REED,**

      **Plaintiff,**

**v.**                              **Case No.  8:13-cv-235-T-30AEP**

**STATE OF FLORIDA,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Notice of Removal (Dkt. 1), the State of Florida's Amended Information (Dkt. 2), Plaintiff's Motion to Appoint Counsel (Dkt. 3), and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 4).  The Court, having reviewed the notice of removal, criminal information, and motions, concludes the Court lacks jurisdiction and the case should be remanded to the Circuit Court of the Tenth Judicial Circuit in and for Highlands County, Florida.

Plaintiff James Thomas Reed[1] seeks to remove to this Court a criminal prosecution pending against him in Highlands County circuit court for attending animal fights, felony cruelty to dogs, and resisting an officer without violence.  These charges arise out of an incident that occurred on December 6, 2011, when Reed was alleged to have attended a dog

---

[1]Although Reed is labeled as plaintiff on the docket, he is actually the defendant in this action because he seeks to have the State of Florida's criminal prosecution against him removed to federal court, not allege new claims in federal court.

fight involving pit bulls. After the alleged dog fight, state officials obtained a search warrant and seized sixteen pit bulls from Reed's residence. The State of Florida's amended information against Reed for these charges is dated March 6, 2012. The notice of removal indicates that Reed's criminal prosecution has yet to reach trial.

Reed filed his notice of removal on January 24, 2013. He alleges that "the State of Florida has deprived [him] of his constitutional right to merely possess and sell pit bulls, perfectly legal activities and various other constitutional rights including, but not limited to, the fifth amendment, sixth amendment right to confront witnesses, to give evidence, and due process." Reed also alleges that he has been discriminated against contrary to the "equal protection clause, 28 U.S.C. §§ 1981, 1983, 1985, [and the] due process clause."[2] Specifically, Reed states that he is African American, but that "[t]hese are rights that whites in the State of Florida routinely enjoy" and that all other actors involved in his criminal prosecution are white, including the judge, prosecutor, and police officers. Having alleged these Constitutional and statutory violations, Reed seeks removal of his criminal prosecution to this Court, invoking this Court's removal jurisdiction under 28 U.S.C. § 1443(1).

The State of Florida has not yet responded to Reed's removal, but this Court has the obligation to examine the removal *sua sponte* to determine if the removal was proper. If a defendant removes a criminal prosecution from a state court, "[t]he United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears

---

[2]The Court assumes Reed intends to allege claims under 42 U.S.C. §§ 1981, 1983, 1985.

on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b).

Under 28 U.S.C. § 1443, criminal defendants are entitled to remove their state prosecutions to federal court in extremely limited circumstances. Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In *Georgia v. Rachel*, 384 U.S. 780 (1966), the Supreme Court articulated the two-prong test a party must satisfy in order to properly remove a case to federal court under § 1443. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Rachel*, 384 U.S. at 792). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.*

Under the first prong, "the phrase 'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons or citizens.'" *Id.* (quoting *Rachel*, 384 U.S. at 792). The right to a fair trial and equal protection and rights arising under § 1983 do not derive from legislation intended to protect civil rights of racial equality. *Id.* Reed alleges in his notice of removal that the State of Florida is violating his fifth and sixth amendment rights, including his right to due process and equal protection along with making a § 1983 claim. Because these are rights of general application, they are insufficient to support a valid claim for removal under § 1443(1). *Id.* at 1295-96.

However, the Supreme Court has recognized that § 1981 qualifies under § 1443(1) as a law providing specific civil rights stated in terms of racial equality. *Id.* at 1296 (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Neither the Supreme Court nor the Eleventh Circuit have addressed whether § 1985(3) meets the definition of an equal civil rights statute under § 1443(1). For purposes of Reed's notice of removal, this Court assumes that it does. Nevertheless, the Court concludes Reed does not satisfy the second prong because he fails to show he has been denied these rights in state court.

The second prong "normally requires that the denial be 'manifest in a formal expression of the state law.'" *Taylor v. Phillips*, 442 Fed. App'x 441, 442 (11th Cir. 2011) (quoting *Conley*, 245 F.3d at 1296). This requirement ensures that federal courts refrain from "the unseemly process of judging their brethren of the state courts." *Rachel*, 384 U.S. at 803-04. The Supreme Court, however, recognized a narrow exception where, even though the

action is premised upon a facially neutral state law, the very act of bringing the state court proceedings constitutes a denial of the federal statutory rights.  *Conley*, 245 F.3d at 1296 (citing *Rachel*, 384 U.S. at 804-05).

Reed does not point to any manifest expression of Florida law that denies his federal rights under 42 U.S.C. §§ 1981 or 1985.  Moreover, the State of Florida does not deny the rights protected by those federal statutes by bringing this criminal prosecution against Reed for animal cruelty, dog fighting, and resisting an officer without violence.  Rather, Reed's primary complaints as alleged in his notice of removal are appropriate defenses to the criminal prosecution in state court, not as grounds for violations of his federal civil rights. Therefore, Reed's removal petition does not satisfy the second prong of the § 1443 test.

Additionally, the Court notes that Reed's removal was obviously untimely under 28 U.S.C. § 1455(b), and therefore removal is procedurally improper.

Accordingly, Reed's case is not removable under § 1443(1), and his case is remanded to the Circuit Court of the Tenth Judicial Circuit in and for Highlands County, Florida.

It is therefore ORDERED AND ADJUDGED that:

1.     The Clerk is directed to remand this case to the Circuit Court of the Tenth Judicial Circuit in and for Highlands County, Florida, and provide that court with a copy of this Order.

2.     Plaintiff's Motion to Appoint Counsel (Dkt. 3) and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 4) are DENIED as moot.

3.      The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 4, 2013.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Odd\2013\13-cv-235.remandcriminalcase.frm