UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES THOMAS REED,

    Plaintiff,

v.                                               Case No. 8:13-cv-235-T-30AEP

STATE OF FLORIDA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Plaintiff's Motion to Proceed on Appeal *In Forma Pauperis* (Dkt. No. 12).[1] Plaintiff, proceeding *pro se*, filed a Complaint (Dkt. No. 1) seeking to remove to this Court a criminal prosecution against him in the Circuit Court of the Tenth Judicial Circuit in and for Highlands County, Florida for attending animal fights, felony cruelty to dogs, and resisting an officer without violence. Plaintiff alleged in his Complaint that "the State of Florida deprived [him] of his constitutional right to merely possess and sell pit bulls, perfectly legal activities and various other constitutional rights including, but not limited to, the fifth amendment, sixth amendment right to confront witnesses, to give evidence, and due process." Plaintiff further alleged that he had been discriminated against contrary to the "equal protection clause, 28 U.S.C. §§ 1981, 1983, 1985, [and the] due process clause." Specifically, Plaintiff stated that he is African American, but that "[t]hese are rights that whites in the State of

---

[1] Plaintiff initially filed a separate one-page, handwritten letter requesting that the Court consider his *in forma pauperis* application for purposes of an appeal (Dkt. No. 9), which the Court terminated as moot given the instant motion to appeal *in forma pauperis* (*see* Dkt. No. 13).

Case 8:13-cv-00235-JSM-AEP   Document 14   Filed 03/26/13   Page 2 of 4 PageID 174

Florida routinely enjoy" and that all other actors involved in his criminal prosecution are white, including the judge, prosecutor, and police officers.

After consideration of Plaintiff's Notice of Removal (Dkt. No. 1), the State of Florida's Amended Information (Dkt. No. 2), Plaintiff's Motion to Appoint Counsel (Dkt. No. 3), and Plaintiff's Motion for leave to Proceed *In Forma Pauperis* (Dkt. No. 4), the Court entered an Order finding Plaintiff's request for removal jurisdiction pursuant to 28 U.S.C. § 1443(1) unjustified, inappropriate, and procedurally improper and, as such, directed that the case be remanded back to the Circuit Court of the Tenth Judicial Circuit in and for Highlands County, Florida (Dkt. No. 6).[2] In remanding Plaintiff's case, the Court found that Plaintiff failed to identify any manifest expression of Florida law that denied his federal rights under 42 U.S.C. §§ 1981 or 1985, and further found that the State of Florida did not deny the rights protected by those federal statutes by bringing a criminal prosecution against Plaintiff for animal cruelty, dog fighting, and resisting an officer without violence. Accordingly, the Court concluded that Plaintiff's removal petition did not satisfy the requirements under 28 U.S.C. § 1443.

Plaintiff now seeks to appeal the Order dismissing this action and remanding the matter back to state court and to proceed on appeal *in forma pauperis* (Dkt. No. 12). Pursuant to Rule 24(a), Federal Rules of Appellate Procedure, a party in a district-court action seeking to appeal *in forma pauperis* must file a motion and attach an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1)(A)-(C). As with a request to

---

[2] Additionally, the Court denied Plaintiff's Motion to Appoint Counsel (Dkt. No. 3) and initial Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 4) as moot.

proceed in a district-court action *in forma pauperis*, a court considering a request to proceed on appeal *in forma pauperis* must keep in mind its mandate to dismiss a case at any time if it determines the action or appeal is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Ghee v. Retailers Nat'l Bank*, 271 Fed. App'x 858, 859-60 (11th Cir. 2008) (*per curiam*) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). In this context, "good faith" is judged by an objective standard and is shown when a party seeks appellate review of any issue not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Where a court certifies in writing that the appeal is not taken in good faith, a party may not appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Here, the Court found Plaintiff's request to proceed *in forma pauperis* in the district-court action moot given its finding that removal was improper (*see* Dkt. No. 6). As that Order makes plain, Plaintiff failed to state any arguable basis for exercise of this Court's removal jurisdiction under 28 U.S.C. § 1443, and, thus, any appeal of the matter is frivolous. Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's construed motion for leave to appeal *in forma pauperis* (Dkt. No. 12) be DENIED.

2. The Court certify that Plaintiff's appeal is not taken in good faith.

3. The Clerk notify the Eleventh Circuit that the motion to proceed *in forma pauperis* is denied and that the appeal is not taken in good faith in accordance with Rule 24(a)(4), Federal Rules of Appellate Procedure.

IT IS SO REPORTED in Tampa, Florida, this 26th day of March, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:
Hon. James S. Moody, Jr.
Plaintiff, *pro se*